IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RALPH EDWARD MCMANUS, JZ-3076, )
    Petitioner, )
     )
    v. ) 2:13-cv-1160
     )
SUPERINTENDENT GIROUX, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Ralph Edward McManus for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Ralph Edward McManus, an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

McManus is currently serving a one to two year as well as a concurrent five to ten year sentence imposed following his conviction upon a plea of guilty to charges of theft by unlawful taking, receiving stolen property, involuntary deviate sexual intercourse, indecent assault and corruption of minors at Nos. 1367 and 1368 of 2010 in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on April 7, 2011.[1] No direct appeal was pursued.

On March 1, 2012 a post-conviction petition was filed.[2] The original petition was drawn at the PCRA hearing on May 18, 2012, and a second petition was filed on June 18, 2012. It was determined that the latter petition was untimely and relief was denied on July 26, 2012. An appeal was filed in the Superior Court in which the issues presented were:

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Exhibit 8 to the answer.

1

1. Was attorney Brent Peck ineffective for refusing to hold appellant's preliminary hearing in the beginning of this case?

2. Was attorney Thomas Shaffer ineffective for being illequiped [sic] to defend appellant which resulted in the guilty plea and for abandoning appellant before sentencing?

3. Was attorney Robert Crisanti ineffective for his total silence during appellant's sentencing hearing, and then for failing to file the requested notice of appeal, and/or 1925(B) papers?

4. Was attorney Dianne H. Zerega ineffective in a number of ways during appellant's [first] P.C.R.A. proceedings and for failing to inform appellant of a possible conflict of interest?

5. Did the Honorable Judge Capuzzi abuse his discretion or was it just an error on the court's part for dismissing appellant's second PCRA petition as untimely?[3]

On April 11, 2013, the denial of post-conviction relief was affirmed on the grounds that the petition was untimely.[4]

In the instant petition executed on August 5, 2013 McManus contends he is entitled to relief on the following grounds:

1. Was attorney Bret Pect ineffective for his refusal to hold a preliminary hearing on August 24, 2010?

2. Was attorney Thomas Shaffer ineffective for being ill-equipped to defend petitioner at trial in which resulted in the guilty plea and then later Mr. Shaffer abandoned petitioner?

3. Was attorney Crisaanti ineffective for his total silence during petitioner's sentencing and then for failing to file the requested appeal and the 1925(b) forms?

4. Was attorney Dianne Zerega ineffective for failing to raise petitioner's issues in first P.C.R.A. and for failing to inform petitioner that counsel was also the county solicitor?

5. Did the honorable court abuse his discretion by dismissing appellant's second P.C.R.A. petition as untimely?[5]

---

[3] See: Exhibit 1 to the answer at p.3.
[4] See: Exhibit 1 to the answer.
[5] See: Petition at ¶12.

2

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, petitioner was convicted and sentenced on April 7, 2011. Since no appeal was pursued, his conviction became final when the time in which to appeal expired that is on May 7, 2011. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). McManus did file a timely post-conviction petition which he subsequently withdrew. He filed a second post-conviction petition on June 20, 2012. [6] As the Superior Court wrote, "…Appellant's judgment of sentence became final … on or about May 7, 2011… Appellant's PCRA petition, however, was filed on June 18, 2012. Consequently, having determined that Appellant filed his second PCRA petition 42 days outside the one-year jurisdictional timing prerequisite of the PCRA and he did not plead or prove any exception thereto, the PCRA court lacked jurisdiction to entertain the merits of the petition…"[7] As a matter of state law, this filing was determined to be untimely and this conclusion is binding here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

---

[6] See: 42 Pa.C.S. §9545(b)(1)("any petition under this subchapter … shall be filed within one year of the date the judgment becomes final, [with various exceptions not relevant here].")

[7] See: Exhibit 1 to the answer at p.5.

3

Because there is no basis for tolling the one year federal filing requirement, to have timely sought relief here McManus would have had to file his federal petition within one year of his conviction becoming final, i.e. within one year of May 7, 2011plus any time during which a properly filed post-conviction petition was pending. However, the instant petition was not executed until August 5, 2013, or clearly after the expiration of that one year period. For this reason, the petition here is time barred, and it is recommended that the petition of Ralph Edward McManus for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: September 18, 2013

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge